IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

| | |
|---|---|
| GARY HARRIS, | CASE NO. 1:09 CV 3004 |
| Plaintiff, | MEMORANDUM OF OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT |
| -vs- | |
| JOHN DOE, Individual Owner of Kingsville Towing, *et al.*, | |
| Defendants. | |

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Plaintiff *pro se* Gary Harris brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendants John Doe, Individual Owner of Kingsville Towing, Marlene Gray, Individual Owner of Titus Tuus L.L.C., Glen Gray, Individual Managing Partner for Titus Tuus L.L.C., John and Jane Doe, Individual Owners of Ashtabula Iron & Metal and Known and Unknown John and Jane Does. He alleges that in the spring of 2008, the defendants, all private persons, converted his personal property without written, oral or other permission through the use of fraud or other means. Plaintiff asserts that the defendants owe him the fair market value of the property listed in the complaint.

While *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)*(*citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." Price v. Caruso, 451 F.Supp.2d 889, 893 (E.D. Mich. 2006*)(*quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996)). For the following reasons, the Court finds the claim asserted in this action satisfies these criteria.

Title 42, United States Code Section 1983 provides a remedy for deprivation of constitutional rights by a person acting under color of state law. It provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) she or he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). The

2

person acting under color of law is usually a state or local government official or employee. Doyle v. Schumann, 2008 WL 397588 *3 (N.D. Ohio, Feb. 11, 2008). A plaintiff does not have a cause of action under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003)(citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). All of the defendants are private parties, and there are no allegations reasonably suggesting they acted under color of state law. Therefore, § 1983 is not applicable.

Plaintiff states in the complaint that the amount in controversy exceeds $75,000.00. It thus appears that he is attempting to assert diversity jurisdiction. 28 U.S.C. 1332(a) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between-
> (1) citizens of different states;...

The Plaintiff is incarcerated at FCI Elkton located in Ohio. The various defendants in this case are also citizens of Ohio. Therefore, jurisdiction cannot be premised on diversity of citizenship. See Caudill v. North America Media Corp., 200 F.3d 914, 916 (6th Cir. 2000).

Principles requiring generous construction of *pro se* pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989); Beaudett v. City of

3

Hampton, 775 F.2d 1274, 1277 (4th Cir.1985). And even liberally construed, the complaint does not sufficiently state a basis for federal jurisdiction. Accordingly, this action is dismissed. The dismissal is without prejudice to any valid state law claim the plaintiff may have under the facts alleged.

    IT IS SO ORDERED.

                                                  /s/ Lesley Wells
                                        UNITED STATES DISTRICT JUDGE

Date: 3 February 2010