IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
                                               : CASE NO. 1:09 CV 3004
GARY HARRIS,                               :
                                               :
                            Plaintiff,   : MEMORANDUM OF OPINION AND
                                               : ORDER DENYING THE PLAINTIFF'S
                  -vs-                       : MOTION AND ENJOINING THE
                                               : PLAINTIFF FROM FILING ANY
                                               : ADDITIONAL DOCUMENTS IN THIS
JOHN DOE, *et al*,                 : CASE
                            Defendants. :
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      On 3 February 2010, this Court entered a *sua sponte* dismissal of Plaintiff Gary Harris' *pro se* complaint, for lack of subject matter jurisdiction pursuant to Hagans v. Lavine, 415 U.S. 528, 536-37 (1974). (Docs. 9, 10). Mr. Harris subsequently filed an appeal with the Sixth Circuit. (Doc. 11). Since then, Mr. Harris filed motions for a new trial and relief from judgment, pursuant to Federal Rules 59 and 60, along with a motion to amend the complaint. (Docs. 12, 18). These motions were denied on 12 April 2010. (Doc. 25). Currently pending before the Court is Mr. Harris' motion to compel the Court to grant his motion to amend the complaint, or, in the alternative, to remand the case to state court. (Doc. 26). For the reasons that follow, the Court will deny Mr. Harris' motion and will enjoin him from filing any further post-judgment motions in this case.

      First, Mr. Harris' Motion to Compel the Court is unrecognized as a means to relief in this instance. The Court rather interprets this filing as a post-judgment motion under

Federal Rule 59 or 60. As such, the pending motion is essentially duplicative of Mr. Harris' previous motions for post-judgment relief, which were denied. (See Docs. 12, 18, 25). Accordingly, it too will be denied. Second, Mr. Harris' motion in the alternative for remand will also be denied, as the Court has no power to remand a case that originated in federal court. See 28 U.S.C. § 1447.

Because judgment has been entered against Mr. Harris and his post-judgment motions for relief have been denied, his only recourse in this matter is to pursue his appeal with the Sixth Circuit Court of Appeals. Therefore, in view of the posture of this case and Mr. Harris' repeated attempts for post-judgment relief, the Court will exercise its inherent power and constitutional obligation to protect its jurisdiction from conduct which impairs its ability to carry out its Article III functions. See Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). In line with that power, the Court must act to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. This Circuit has provided a means for addressing such filings by enabling courts to enjoin vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., 50 F.3d 11 (Table), 1995 WL 111480 (6th Cir. 15 March 1995) (noting the court's authority to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a), relying on Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991) and Tripati v. Beaman, 878 F.2d 351, 352-53 (10th Cir.1989)). Mr. Harris' motions are patently vexatious and appear calculated to harass the Court and abuse the judicial process.

Accordingly, Mr. Harris' "Motion to Compel the Court to Grant his Motion to Amend the Complaint or Alternative[ly] Remand it to State Court" is denied.   Further, Mr. Harris is enjoined from filing any additional documents in this matter.  The Clerk is hereby directed to return, unfiled, any further documents submitted by Mr. Harris in this matter.


      IT IS SO ORDERED.

                                                       /s/ Lesley Wells
                                          UNITED STATES DISTRICT JUDGE

Date: 27 April 2010